# PATRICK J. JOYCE, ESQ.

Attorney at Law
70 Lafayette Street - 2nd Floor
New York, New York 10013
(212) 285-2299
FAX (212) 513-1989

New Jersey Office:
658 Ridgewood Road
Maplewood, NJ 07040
(973) 324-9417

*VIA ECF*

January 8, 2024

Honorable J. Paul Oetken
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>United States v. Kaitlyn Rivera</u> 21CR 190 (JPO)

Your Honor:

By way of this letter the defendant, Kaitlyn Rivera, requests relief under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), for compassionate release or medical furlough. Specifically, counsel moves the Court to immediately grant Ms. Rivera compassionate release to home confinement until her ultimate release date, to be followed by the already-imposed term of supervised release, due to the fact that she is 9 months pregnant, is about to give birth, and the BOP continues to house her at FDC Philadelphia.

### FACTUAL BACKGROUND

Ms. Rivera was sentenced before Your Honor on September 20, 2023 to 4 months imprisonment for violating 18 U.S.C. § 2252A, Possession of Child Pornography. Ms. Rivera reported to the BOP to begin her sentence on November 3, 2023 and is scheduled to be released

on March 3, 2024. Prior to reporting to serve her sentence, Ms. Rivera contacted BOP and informed them that she was pregnant and that her due date was in mid-January. She initially reported to MDC Brooklyn and then shortly thereafter was transferred to FDC Philadelphia. When she entered the facility in Philadelphia, she again reported her pregnancy and requested to be placed in a medical facility. Ms. Rivera's request to be transferred to a medical facility was denied and on December 20, 2023, Ms. Rivera filed a formal request with the BOP for compassionate release. Ms. Rivera has been told that acknowledgement of this request would take between 30-60 days. Ms. Rivera has also been told that a decision on her request would not be made until at least 60 days has passed. Given that she is due to deliver her baby within a week, the BOP delay in processing her request is tantamount to a denial. Permitting Ms. Rivera to finish out her sentence at home is the only prudent response to the extraordinary and compelling circumstances created by the BOP's delay in response.

## BACKGROUND

The ("CARES") Act, § 12003(b)(2) states that "if the Attorney General finds that emergency conditions will materially affect the BOP's function, the BOP Director may 'lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement' under 18 U.S.C. § 3624(c)(2), which recognizes the BOP's authority to release inmates to home confinement in certain circumstances." *See United States v. Garcia*, No. 16-cr-719 (S.D.N.Y Apr. 15, 2020). While much of the recent litigation over this issue, involved the COVID-19 pandemic, the medical urgency in this case mirrors those in which courts have found it necessary to release a prisoner prior to her originally calculated release date.

## ARGUMENT

### I. Because of an Ongoing Emergency, the Court Should Hear Ms. Rivera's Application to Reduce Her Sentence Now.

Ms. Rivera brings this action because she is due to deliver her first child imminently. The First Step Act ("FSA") expressly permits Ms. Rivera to move this Court to seek compassionate release, by which this Court may reduce her term of imprisonment, and order that she serve the balance of his term on home confinement as a special condition of an amended judgment. *See* 18 U.S.C. § 3583(c)(1)(A)(i). Under normal circumstances, a defendant can seek recourse through the courts after either (1) the BOP declines to file such a motion on her behalf; or (2) there has been a lapse of 30 days from the warden's receipt of the defendant's request with no response or action, whichever is earlier. *Id.* After a defendant has exhausted the administrative process, "a court may then 'reduce the term of imprisonment' after finding that 'extraordinary and compelling reasons warrant such a reduction' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Ebbers*, 2020 WL 91399, at *4, 02-CR-1144 (VEC) (ECF No. 384) (S.D.N.Y. Jan. 8, 2020).

Further, because of the COVID – 19 pandemic, and the dire circumstances it caused, there are a number of courts that have granted compassionate release motions despite the exhaustion of all administrative remedies not being satisfied. *See United States v. Jeffrey Musumeci*, No. 07 CR. 402 (RMB), ECF Dkt. 58 (S.D.N.Y. Apr. 28, 2020) (granting release and waiving exhaustion requirements despite government objection); *United States v. Haena Park*, No. 16 CR. 473 (RA) (S.D.N.Y. Apr. 24, 2020) (granting compassionate release after

government agreed to waive exhaustion and BOP delayed and possibly rescinded promise to release client at FCI Danbury to home confinement); *United States v. Gerard Scparta*, No. 18 CR. 578 (AJN) (S.D.N.Y. Apr. 19, 2020) (finding court could waive exhaustion requirement and granting release); *United States v. Asher Kataev*, No. 16 CR. 763 (LGS), ECF Dkt. No. 77

9 (S.D.N.Y. Apr. 15, 2020) (granting compassionate release with government consent); *United States v. Phillip Smith*, No. 12 CR. 133 (JFK), ECF Dkt. 197 (S.D.N.Y. Apr. 13, 2020) (finding court could waive exhaustion requirement and granting compassionate release); *United States v. William Knox*, No. 15 CR. 445 (PAE), ECF Dkt. No. 1088 (S.D.N.Y. Apr. 10, 2020) (granting release on consent; government initially opposed then agreed to waive exhaustion); *United States v. Leon Santiago*, No. 12 CR. 732 (WHP), ECF Dkt. No. 235 (S.D.N.Y. Apr. 10, 2020) (granting release on consent); *United States v. Nehemiah McBride*, No. 15 CR. 876 (DLC), ECF Dkt. No. 73, (S.D.N.Y. Apr. 7, 2020) (granting unopposed motion); *United States v. Tia Jasper*, No. 18 CR. 390 (PAE), ECF Dkt. No. 441 (S.D.N.Y. Apr. 6, 2020) (granting unopposed motion); *United States v. Clark Harris*, No. 18 CR. 364 (PGG), ECF Dkt. 413 (S.D.N.Y. Apr. 6, 2020) (granting unopposed motion); *United States v. Nunzio Gentille*, No. 19 CR. 590 (KPF) 2020 WL 1814158, at *5 (S.D.N.Y. Apr. 9, 2020) (granting release where government agreed to waive exhaustion and did not oppose motion); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement over government objection and granting release); *United States v. Resnick*, No. 14 CR 810 (CM), 2020 WL 1651508, at *8 (S.D.N.Y. Apr. 2, 2020) (granting release and finding exhaustion requirement met because request submitted by hand 30 days ago); *United States v. Daniel Hernandez*, No. 18 CR. 834 (PAE), ECF Docket No. 446 (S.D.N.Y. Apr. 1, 2020) (granting compassionate release after BOP denied the request and

converting remaining sentence to home confinement); *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *3-4 (S.D.N.Y. Apr. 1, 2020) (granting release based on health issues and finding court could waive exhaustion requirement and government did not object based on defendant's medical conditions); *United States v. Eli Dana*, No. 14 CR. 405 (JMF), ECF Docket No. 108 (S.D.N.Y. Mar. 31, 2020) (granting compassionate release motion without exhaustion of administrative remedies, where government consented); *United States v. Damian Campagna*, No. 16 CR. 78 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020) (granting compassionate release sentencing reduction to defendant convicted of firearms offenses based on defendant's health and threat he faced from COVID-19, government consented to reduction and agreed health issues and COVID-19 were basis for relief).

Although § 3582(c)(1)(A) does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." *United States v. Desage*, No. 213CR00039JADVCF, 2020 WL 1904584, at *2 (D. Nev. Apr. 17, 2020). Ms. Rivera's pregnancy is sufficient to establish "extraordinary and compelling circumstances" for her release. While courts have noted that the Sentencing Commission's applicable policy statement on what constitutes "extraordinary and compelling reasons" to warrant a sentence reduction is anachronistic because it has not been updated since passage of the FSA, they still continue to be guided by the Sentencing Commission's descriptions of "extraordinary and compelling reason." *See, e.g., Ebbers*, 2020 WL 91399, at *4. However, the Sentencing Commission's statements do not constrain the court's independent assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction in light of the First Step Act's amendments. *United States v. Beck,* 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *see*

5

*also Ebbers*, 2020 WL 91399, at *4. Indeed, "the district courts themselves have the power to determine what constitute extraordinary and compelling reasons for compassionate release." *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (collecting cases).

Based on this authority, district courts have reduced sentences for a variety of reasons—even if the reductions are opposed by the Bureau of Prisons and even if the reasons do not fit precisely into the Sentencing Commission's specifically enumerated reasons. *See United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5-6 (M.D. Tenn. Mar. 4, 2020) (court granted compassionate release and rejected government's argument that defendant's motion should be denied because he did not meet the medical criteria in U.S.S.G. § 1B1.

"In making its decision, a court must also consider 'the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* (*quoting* 18 U.S.C. § 3582(c)(1)(A)). A district court may reduce a defendant's prison sentence after considering the 18 U.S.C. § 3553(a) factors if it finds "extraordinary and compelling" reasons for a reduction. *United States v. Hernandez*, 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020). The relevant Sentencing Commission policy statement defines "extraordinary and compelling reasons" to include a defendant's medical conditions, age, family circumstances, and "other reasons." *See* U.S.S.G. § 1B1.13, Application Note 1.

Ms. Rivera is the exact type of defendant who should be released under compassionate release under these circumstances. Ms. Rivera should be in the safest location available to her when she gives birth, otherwise her term of incarceration is certainly not "'sufficient, but not greater than necessary' to accomplish the goals of sentencing." *See Kimbrough v. United States*, 128 S. Ct 558, 571, 169 L.Ed 481 (2007).

**II. The Court Should Grant Ms. Rivera Compassionate Release.**

6

Although the judgment in her criminal case mean Ms. Rivera must still serve at least two more months of her sentence, the birth of a child and the separation of mother and child immediately after birth is a punishment which far exceeds the traditional goals of sentencing.

As far as a release plan, we offering the following:

Ms. Rivera will reside with her husband at 20 Pine Street, East Hartford, Connecticut 06108. This location was just vetted by USPO Kimberly Gerten on December 19, 2023.

She will remain on home confinement, but for trips to health care providers for her and her baby.

Her term of Home Confinement will expire on March 3, 2024, at which time she will then be on Supervised Release pursuant to the original judgment.

## CONCLUSION

For the foregoing reasons, Ms. Rivera respectfully requests that the Court modify her sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and release her to home confinement for the remainder of her incarceration.

As of this writing, AUSA Rebecca Dell is out of the country. She reserved as to her position regarding this request. I have forwarded this request to her Supervisors, Elizabeth Hanft and Jacob Fiddleman and will report to the court when/if they respond.

Dated: New York, New York
January 8, 2024

Respectfully submitted,

/s/ _____
Patrick J. Joyce, Esq.